IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JOHNATHAN DEWAYNE MITCHELL, <br> Defendant. | No. CR16-0029 <br> REPORT AND RECOMMENDATION |

This matter comes before the Court on the Motion to Dismiss Indictment (docket number 18) filed by Defendant Johnathan Dewayne Mitchell on July 8, 2016, and the Resistance (docket number 24) filed by the United States on July 18. Pursuant to Local Rule 7.c, the motion will be addressed without oral argument.

## I. PROCEDURAL HISTORY

On April 26, 2016, Defendant Johnathan Dewayne Mitchell was charged by Indictment with one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951. Defendant appeared on May 2 and entered a plea of not guilty. Trial was scheduled for June 20. At the request of Defendant's counsel, the trial was continued to September 19.

On July 13, Defendant's counsel filed a request for a competency hearing. The Government did not object, but asked that prior to the hearing Defendant undergo a psychiatric or psychological examination. I ordered Defendant committed to the custody of the attorney general for placement in a suitable facility for an examination to determine

competency to stand trial.[1] Because of the examination, the trial was continued again to November 21, 2016.

## II. ISSUE PRESENTED

Defendant is charged with interference with commerce by robbery in violation of 18 U.S.C. § 1951, commonly referred to as the Hobbs Act. The indictment alleges that Catherine "Cathy" Stickley and Century Cab "were engaged in providing taxi service, in interstate and foreign commerce in an industry which affects interstate and foreign commerce." The indictment further alleges that on about April 29, 2011, Defendant obstructed, delayed, and affected commerce when he "did unlawfully take and obtain personal property consisting of, among other things, cash, a purse, and a money bag" from Stickley.

Defendant asserts that the allegations in the indictment do not constitute a Hobbs Act violation. "Specifically, Mr. Mitchell asserts that the indictment does not sufficiently allege an effect on interstate commerce, which is necessary to trigger federal jurisdiction."[2] Accordingly, Defendant asks that the indictment be dismissed. The Government argues, on the other hand, that the indictment sufficiently alleges a violation of the Hobbs Act.

## III. DISCUSSION

According to Defendant, "[b]road, generalized allegations such as those contained in the indictment in this case are insufficient to trigger federal jurisdiction."[3] Defendant asserts that "[t]he federal indictment in this case alleges a simple state-law robbery, not a

---

[1] The Court is advised that Defendant was transported to the Federal Detention Center in Miami, Florida, arriving on August 1, 2016. Defendant's examination ended on September 15, but he is still at that facility awaiting transport back to the Northern District of Iowa.

[2] Defendant's Brief (docket number 18-1) at 1.

[3] *Id.* at 2 (citing *United States v. Enmons*, 410 U.S. 396 (1973)).

2

federal Hobbs Act violation."[4] It is not entirely clear to me whether Defendant is claiming that the facts alleged in the indictment, if proved, would not constitute a Hobbs Act violation; *or* if he is asserting the indictment does not allege sufficient facts to satisfy the pleading requirement.

The Hobbs Act makes it unlawful for a person to obstruct, delay, or affect commerce by robbery or certain other means.[5] "Commerce" is defined broadly in the Act to include interstate commerce and "all other commerce over which the United States has jurisdiction." 18 U.S.C. § 1951(b)(3). "The language of the Hobbs Act is unmistakably broad." *Taylor v. United States*, ___ U.S. ___, 136 S. Ct. 2074, 2079 (2016). Whether certain actions satisfy the commerce element of the Hobbs Act, and therefore expose a defendant to federal prosecution, is a question of law for the court.[6] *Id.* at 2080.

In *United States v. Williams*, 308 F.3d 833 (8th Cir. 2002), the Court confronted similar facts. There, a Cedar Rapids, Iowa, taxi cab driver was robbed at knife point by a customer. The defendant was convicted of interference with commerce by violence, in violation of the Hobbs Act. The defendant appealed, asserting there was "insufficient evidence of a connection between the robbery and interstate commerce to trigger a violation of the Hobbs Act." *Id.* at 838. The Court of Appeals rejected the defendant's argument and affirmed the conviction.

---

[4] *Id.* at 4.

[5] "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a).

[6] I note parenthetically that Defendant's competency to stand trial has not yet been determined. Counsel agreed, however, that because the issue raised in Defendant's motion to dismiss is a question of law, the Court could proceed on the motion to dismiss without first determining Defendant's competency to stand trial.

3

> Williams attempts to argue that the isolated robbery of an independent cab driver was a crime directed at an individual rather than a business, and there was no actual nexus with interstate commerce. We disagree: the cab transported to the airport people and packages that were going to travel in interstate commerce; the cab occasionally crossed state lines as a part of its business; and the insurance money covering damage to the cab and the repair parts for the radio came from out-of-state. Furthermore, Morgan was engaged in business by driving the cab for profit. For these reasons, Williams's cab robbery necessarily had an effect on interstate commerce.

*Williams*, 308 F.3d at 839.

Here, the indictment alleges that Stickley and Century Cab (the same company that employed Williams) "were engaged in providing taxi service, in interstate and foreign commerce and an industry which affects interstate and foreign commerce." *If* the allegations are proved at trial, then *Williams* holds that the commerce element of § 1951(a) has been met.

Defendant also seems to argue, however, that additional detail is required in the indictment to satisfy the pleading requirement. The FEDERAL RULES OF CRIMINAL PROCEDURE require that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). "Usage of a particular word or phrase in the indictment is not required as long as we can recognize a valid offense and the form of the allegation 'substantially states the elements.'" *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001).

Defendant complains that "[t]he indictment simply repeats the statutory language."[7] In many cases, however, nothing more is required. "An indictment is generally sufficient if it sets forth the words of the statute itself, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged." *United States v. Powell*, 701 F.2d 70, 73 (8th Cir. 1983). In *United States v. Farmer*, 73 F.3d 836 (8th Cir. 1996), the Court addressed the defendant's argument that the indictment failed to sufficiently allege an effect on interstate commerce. The Court rejected the defendant's claim:

> We do not think the indictment is defective because it failed to allege more specifically the precise circumstances of Hy-Vee's involvement in interstate commerce. ***The office of an indictment is to give notice of the offense charged, not to plead evidence.*** The word "interstate," as Farmer argues, does not appear in the indictment, but the reference to § 1951 makes it clear that "commerce," as used in that instrument, means "interstate commerce."

*Farmer*, 73 F.3d at 844 (emphasis added).

Here, the indictment clearly alleges that the victims of the robbery "were engaged in providing taxi service, in interstate and foreign commerce in an industry which affects interstate and foreign commerce." Neither the FEDERAL RULES OF CRIMINAL PROCEDURE nor the cases require the Government to specify precisely the manner in which interstate commerce is affected. It will, of course, be necessary for the Government to prove at trial that the alleged robbery affected interstate commerce, but it is not necessary that the indictment include details of the alleged interference with commerce.

In summary, I believe the indictment satisfies FEDERAL RULE OF CRIMINAL PROCEDURE 7(c)(1), which requires a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment contains all of the

---

[7] Defendant's Brief (docket number 18-1) at 1.

essential elements of the offense charged and fairly informs Defendant of the charges against which he must defend. *Carter*, 270 F.3d at 736; *White*, 241 F.3d at 1021. The indictment must give notice of the offense charged, but it is not necessary to "plead evidence." *Farmer*, 73 F.3d at 844. I believe the indictment adequately alleges that the victims were engaged in interstate commerce, thereby satisfying the commerce element of the Hobbs Act. If the Government proves that "commerce," as defined in § 1951(b)(3), was affected by Defendant's wrongful acts, then a Hobbs Act violation will be established. Accordingly, I recommend that the motion to dismiss be denied.

## IV. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that Defendant's Motion to Dismiss Indictment (docket number 18) be **DENIED**. The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 21st day of September, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA