# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR16-0029-LTS |
| vs. | **ORDER** |
| JOHNATHAN DEWAYNE MITCHELL, | |
| Defendant. | |

_____

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge, recommends that I deny defendant's motion (Doc. No. 18) to dismiss indictment. *See* Doc. No. 32.

## I.  BACKGROUND

On February 17, 2016, the grand jury returned an indictment (Doc. No. 2) against defendant Johnathan Dewayne Mitchell charging him with one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951. The indictment alleges that at all times material to the indictment, Catherine "Cathy" Stickley and Century Cab were "engaged in providing taxi service, in interstate and foreign commerce and an industry which affects interstate and foreign commerce." Doc. No. 2. It alleges that Mitchell unlawfully obstructed, delayed and affected, or attempted to obstruct, delay and affect commerce by robbery in that he unlawfully took and obtained Stickley's belongings including cash, a purse and a money bag by means of actual or threatened force, violence, and fear of injury to her person. *Id.*

Mitchell filed his motion to dismiss indictment (Doc. No. 18) on July 8, 2016. The Government filed its resistance (Doc. No. 24) on July 18, 2016. Judge Scoles issued his Report and Recommendation (Doc. No. 32) on September 21, 2016.[1] Neither party has filed written objections to the R&R. Any objections are now deemed waived. *See* N.D. Ia. L.R. 72.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although

---

[1] Judge Scoles noted in his R&R that defendant's counsel's request for a competency hearing has been granted. Doc. No. 32 at 1-2. At the time of the R&R, defendant's competency to stand trial had not yet been determined. *See* Doc. No. 32 at 3 n.6. Counsel agreed that the court could decide the motion to dismiss without first determining competency. As of the date of this order, I note that defendant's competency to stand trial is still undetermined.

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Mitchell argues the indictment must be dismissed because it fails to allege a sufficient effect on interstate commerce. He also contends that the Government must do more than recite the statutory language to demonstrate an effect on interstate commerce.[2] The Government argues it has sufficiently alleged a Hobbs Act violation and that Mitchell's motion inappropriately challenges the sufficiency of the evidence.

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). "The test for determining the sufficiency of an indictment is whether it "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). "Usually an indictment that tracks the

---

[2] Judge Scoles aptly noted that it is not clear from defendant's motion whether he is claiming that the facts alleged in the indictment, if proved, would not constitute a Hobbs Act violation or if he is asserting the indictment does not allege sufficient facts to satisfy the pleading requirement. Therefore, he considered both arguments in analyzing the motion.

3

statutory language is sufficient." *United States v. Whitlow*, 815 F.3d 430, 433 (8th Cir. 2016) (quoting *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013)). In reviewing the sufficiency of an indictment, I must accept the Government's allegations as true. *See United States v. Steffen*, 687 F.3d 1104, n.2 (8th Cir. 2012).

Judge Scoles began his analysis by noting the broad language of the Hobbs Act. *See* Doc. No. 32 at 3. The statute provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). Commerce is broadly defined under the statute to include interstate commerce and "all other commerce over which the United States has jurisdiction." 18 U.S.C. § 1951(b)(3). In analyzing whether the allegations in the indictment would constitute a Hobbs Act violation if proved, Judge Scoles relied, in part, on *United States v. Williams*, 308 F.3d 833 (8th Cir. 2002). In *Williams*, the court considered similar facts involving robbery of a taxi cab driver. The court found the robbery necessarily had an effect on interstate commerce for the following reasons:

- the cab transported people and packages to the airport that were going to travel in interstate commerce
- the cab occasionally crossed state lines as a part of its business
- the insurance money covering damage to the cab and repair parts for the radio came from out-of-state
- the cab driver was engaged in business by driving the cab for profit

*Williams*, 308 F.3d at 839. Based on *Williams*, Judge Scoles concluded that the allegations in the indictment are sufficient to constitute a Hobbs Act violation if they are proved at trial.

Judge Scoles also considered whether the indictment required additional detail to meet the pleading requirements of Federal Rule of Criminal Procedure 7(c)(1). Rule

4

7(c)(1) requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Judge Scoles concluded the indictment contained all of the essential elements of the offense charged and fairly informed defendant of the charges. Doc. No. 32 at 5-6. He noted that the Government is not required to plead evidence in order to meet the pleading requirements of Rule 7(c)(1).

I find no clear error with regard to Judge Scoles' ruling. Prosecution under the Hobbs Act requires proof of at least a potential effect on interstate commerce. *See United States v. Foster*, 443 F.3d 978, 983-84 (8th Cir. 2006). However, proof is not required to make out a sufficient allegation in an indictment. *See United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995) ("There being no equivalent in criminal procedure to the motion for summary judgment that may be made in a civil case, *see* Fed. R. Civ. P. 56(c), the Government has no duty to reveal all of its proof before trial."). The indictment must only "contain[ ] all of the essential elements of the offense charged, fairly inform[] the defendant of the charges against which he must defend, and allege[ ] sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *Carter*, 270 F.3d at 736.

It is clear from the indictment that the Government intends to establish the interstate commerce element by proving the victim and her taxi cab employer were engaged in interstate commerce. Mitchell complains that the indictment must allege *how* the robbery obstructed, delayed, or affected commerce or attempted to do so. I agree with Judge Scoles that the Government is not required to spell this out in the indictment. *See* Doc. No. 32 at 5 ("Neither the Federal Rules of Criminal Procedure nor the cases require the Government to specify precisely the manner in which interstate commerce is affected."). If the Government's allegations are accepted as true, they make out the elements of a Hobbs Act violation.

## *IV.    CONCLUSION*

Because I am not "left with the definite and firm conviction that a mistake has been committed," *Anderson*, 470 U.S. at 573, I hereby **accept** the R&R (Doc. No. 32) without modification. Mitchell's motion (Doc. No. 18) to dismiss the indictment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 12th day of October, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE