# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHNATHAN DEWAYNE MITCHELL, <br><br> Defendant. | Case No. 16-CR-00029-LTS <br><br> **REPORT AND RECOMMENDATION** |

On April 26, 2016, the grand jury charged Defendant Johnathan Dewayne Mitchell with one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, based on the Defendant's using force to "take . . . cash, a purse, and a money bag from . . . Catherine 'Cathy' Stickley" on April 29, 2011. Doc. 2. These charges issued after Mitchell was acquitted in Iowa state court of first-degree murder, first-degree robbery, and lesser-included offenses, which were based on the April 29, 2011, murder and robbery of Ms. Stickley. *See* No. FECR093579 (Linn County, Iowa).

Defendant Mitchell now moves[1] to dismiss the federal indictment, arguing that it violates the Double Jeopardy Clause of the Fifth Amendment. Doc. 95. He concedes

---

[1] The Brief in Support of Motion to Dismiss requests an evidentiary hearing and that the hearing occur after restoration of competency. Doc. 95-1 at 6 & n.1. As explained in this order, I find legal precedent dictates the outcome of the motion, and therefore, an evidentiary hearing is not warranted or necessary. Consistent with Local Rule 7(c), I further find that oral argument is not necessary to determine the motion. Moreover, even if a hearing were necessary, "[a] defendant need not be present [when] . . . . [t]he proceeding involves only a conference or hearing on a question of law." Fed. R. Crim. P. 43(b)(3); *see also United States v. Gagnon*, 470 U.S. 522, 526-67 (1985) (explaining constitutional right to be present is rooted in right of confrontation and to defend against a charge).

the applicability of the "separate sovereigns" doctrine as set forth by the Supreme Court in *Abbate v. United States*, which held that "a federal prosecution of defendants already prosecuted for the same acts by a State [does not] subject[] those defendants 'for the same offense to be twice put in jeopardy of life or limb' in violation of the Fifth Amendment." 359 U.S. 187, 189-90, 196 (1959); *see also, e.g.*, *United States v. Staples*, 747 F.2d 489 (8th Cir. 1984) (per curiam). He further recognizes that this court is bound by Supreme Court precedent but "submits that *Abbate* was incorrectly decided and/or that it is no longer good law."[2] Doc. 95-1 at 5.

As this court cannot overrule binding Supreme Court precedent, I recommend that the court find the separate sovereign exception applies and **deny** Mitchell's motion to dismiss (Doc. 95).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. See Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the

---

[2] The Defendant is likely ensuring that this argument is preserved, as the Supreme Court recently granted certiorari on whether it "should overrule the 'separate sovereigns' exception to the Double Jeopardy clause." *See* Petition for Writ of Certiorari Granted, *Gamble v. United States*, 86 U.S.L.W. 3647 (July 5, 2018) (No. 17-682).

findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DATED** this 6th day of August, 2018.

Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa