# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOHNATHAN DEWAYNE MITCHELL, Defendant. | No. CR16-0029-LTS **ORDER** |

_____

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, United States Magistrate Judge, recommends that I deny defendant's motion (Doc. No. 95) to dismiss indictment. *See* Doc. No. 100.

## I. BACKGROUND

On April 26, 2016, the grand jury returned an indictment (Doc. No. 2) against defendant Johnathan Dewayne Mitchell charging him with one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951. The indictment alleges that at all times material to the indictment, Catherine "Cathy" Stickley and Century Cab were "engaged in providing taxi service, in interstate and foreign commerce and an industry which affects interstate and foreign commerce." Doc. No. 2. It further alleges that Mitchell unlawfully obstructed, delayed and affected, or attempted to obstruct, delay and affect commerce by robbery in that he unlawfully took and obtained Stickley's belongings including cash, a purse and a money bag by means of actual or threatened force, violence, and fear of injury to her person. *Id.*

Proceedings in this case were delayed by a series of competency hearings. Most recently, Judge Mahoney found Mitchell incompetent to stand trial on February 6, 2018, and ordered a period of treatment not to exceed 120 days to determine whether Mitchell could be restored to competency. Doc. No. 90. On July 26, 2018, Judge Mahoney ordered an additional period of treatment not to extend 120 days. Doc. No. 99.

Mitchell filed the present motion to dismiss indictment (Doc. No. 95) on July 6, 2018. The Government filed its resistance (Doc. No. 96) on July 13, 2018. Judge Mahoney issued her Report and Recommendation (Doc. No. 100) on August 6, 2018, and Mitchell filed an objection (Doc. No. 101) on August 7, 2018.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although

2

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Mitchell argues the indictment must be dismissed because his prosecution for interference with commerce by robbery in violation of 18 U.S.C. § 1951, following acquittal of the charges of first degree murder, first degree robbery, and their lesser-included offenses in state court, violates the double jeopardy clause. Mitchell urges that the "separate sovereigns" exception to the double jeopardy clause should be overruled.

Judge Mahoney recommends denying the motion to dismiss:

> Defendant Mitchell now moves to dismiss the federal indictment, arguing that it violates the Double Jeopardy Clause of the Fifth Amendment. Doc. 95. He concedes the applicability of the "separate sovereigns" doctrine as set forth by the Supreme Court in *Abbate v. United States*, which held that "a federal prosecution of defendants already prosecuted for the same acts by a State [does not] subject[] those defendants 'for the same offense to be twice put in jeopardy of life or limb' in violation of the Fifth Amendment." 359 I/S/ 187, 189-90, 196 (1959); *see also, e.g., United States v. Staples*, 747 F.2d 489 (8th Cir. 1984) (per curiam). He further recognizes that this court is bound by Supreme Court precedent but "submits that *Abbate* was incorrectly decided and/or that it is no longer good law." Doc. No. 95-1 at 5.

3

> As this court cannot overrule binding Supreme Court precedent, I recommend that the court find the separate sovereign exception applies, and **deny** Mitchell's motion to dismiss (Doc. 95).

Doc. No. 100 at 1-2. Judge Mahoney also recommended denying an evidentiary hearing on this issue. *Id*. at 1 and n.1.

Judge Mahoney correctly found that *Abbate* is controlling. Although I recognize that the Supreme Court has recently granted certiorari on this issue, *see* Pet. For Writ of Cert. Granted, *Gamble v. United States*, No. 17-682, 86 U.S.L.W. 3647 (July 5, 2018), *Abbate* remains binding. Mitchell's motion to dismiss is **denied**.

**IT IS SO ORDERED.**

**DATED** this 10th day of August, 2018.

_____
Leonard T. Strand, Chief Judge